**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL MUNIZ,<br><br>             Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | Civil Action No. 13-1026 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

        This matter comes before the Court by way of Plaintiff Angel Muniz ("Plaintiff")'s motion

for reconsideration of this Court's June 27, 2014 Opinion and Order affirming ALJ Richard L. De

Steno's partially favorable Social Security decision.  The Court declines Plaintiff's request for oral

argument, and thus resolves this matter on the parties' briefs pursuant to Local Civil Rule 9.1(f).

For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

### I.      BACKGROUND

        As this Court discussed in its previous Opinion in this matter,[1] on May 1, 2012, ALJ De

Steno issued a partially favorable Social Security decision, which concluded that Plaintiff was

disabled as of January 1, 2011, but not before then.  (R. at 293-306).[2]  ALJ De Steno's decision

thoroughly discussed each step of the five-step process for determining whether a Social Security

---

[1] *Muniz v. Comm'r of Soc. Sec.*, No. 13-1026, 2014 WL 2926525 (D.N.J. June 27, 2014).
[2] "R." refers to the pages of the Administrative Record.

claimant is disabled.[3]  (*Id.* at 295-306).  The Court recaps ALJ De Steno's findings at each step, which Plaintiff argues are inconsistent with one another.

At step one, ALJ De Steno found that Plaintiff had not engaged in substantial gainful activity since April 30, 2007, the alleged onset date of disability.  (*Id.* at 295).  At step two, he found that since that date, Plaintiff "has had severe impairments involving spinal disc disease, diabetes, obesity osteoarthritis of the knee, depression, an anxiety disorder with panic attacks, and an impulse control disorder . . . ."  (*Id.* at 296).  At step three, he found that Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments.  (*Id.*).  In finding so, he concluded that Plaintiff "has had moderate restriction of the activities of daily living, moderate difficulties in maintaining social functioning, [and] moderate difficulties in maintaining concentration, persistence, or pace . . . ."  (*Id.* at 298).

Plaintiff generally argues that ALJ De Steno's findings at steps two and three are inconsistent with his finding at step four that:

> [P]rior to January 1, 2011 . . . [Plaintiff] had the residual functional capacity [("RFC")] to perform the full range of light work . . . without significant non-exertional limitations.  He was able to follow simple instructions, maintain attention, concentration, and adequate pace and persistence, and to relate and adapt to routine tasks in a work situation.

(*Id.* at 298).  Because of this alleged inconsistency, which Plaintiff contends amounts to clear error of law, he moves the Court to reconsider its prior Opinion and Order affirming ALJ De Steno's decision.  (Pl.'s Br. 2-4, ECF No. 19).  On the other hand, the Commissioner urges the Court to deny Plaintiff's motion because "[his] arguments fail to even suggest the extraordinary

---

[3] Specifically, those steps inquire whether a claimant "(1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is 'severe'; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; (5) is able to perform work existing in significant numbers in the national economy." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citations omitted).

circumstances required under the legal standard for motions for reconsideration." (Def.'s Opp'n Br. 4, ECF No. 23). The Court now reviews that standard.

## II.    LEGAL STANDARD

In this District, motions for reconsideration are governed by Local Civil Rule 7.1(i), and "[r]econsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)). The purpose of such a motion "is to correct manifest errors of law or fact or to present newly discovered evidence." *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 199 n.4 (3d Cir. 2006) (citation and internal quotation marks omitted). Thus, a movant may not use a motion for reconsideration to relitigate old matters or to raise new matters that could have been raised before the court reached its original decision. *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted). To prevail on a motion for reconsideration, the movant "must satisfy a high burden, and must 'rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010) (quoting *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

## III.   DISCUSSION

### A.    Whether ALJ De Steno's Findings at Steps Two and Four are Consistent

Plaintiff claims that ALJ De Steno found at step two that he has three "severe" psychiatric impairments, namely, depression, an anxiety disorder, and an impulse control disorder. (Pl.'s Br. 2, 4). That finding, according to Plaintiff, conflicts with ALJ De Steno's step four finding that he "had the [RFC] to perform the full range of light work . . . without significant non-exertional

limitations" prior to January 1, 2011. (*Id.* at 2-4). Because ALJ De Steno found his psychiatric impairments to be severe at step two, Plaintiff argues ALJ De Steno had to find that those impairment produced an RFC limitation at step four.[4] (*Id.* at 3). However, in *Santini v. Commissioner of Social Security*, Judge Stanley R. Chesler rejected the same argument as "meritless" because "the legal tests at step two and a step four are wholly different." No. 08-5348, 2009 WL 3380319, at * 7 (D.N.J. Oct. 15, 2009), *aff'd* 413 F. App'x 517 (3d Cir. 2011). The Court agrees with Judge Chesler's conclusion.

At bottom, the step two inquiry "is a *de minimis* screening device to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003) (citations omitted). By addressing Plaintiff's psychiatric impairments at step two, ALJ De Steno simply heeded the Third Circuit's warning that "[r]easonable doubts on severity are to be resolved in favor of the claimant." *Id.* at 547; *see generally* SSR 85-28, 1985 WL 56856, at *4 ("If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued."). In any event, Plaintiff's argument suffers from three additional flaws: (1) it mischaracterizes ALJ De Steno's step two finding; (2) it ignores the other half of his step four RFC assessment; and (3) it does not point to any specific evidence that cuts against his step four RFC assessment.

At step two, ALJ De Steno found that Plaintiff "has had severe impairments involving spinal disc disease, diabetes, obesity, osteoarthritis of the knee, depression, an anxiety disorder with panic attacks, and an impulse control disorder" since April 30, 2007. (R. at 296). ALJ De Steno did not explicitly find, as Plaintiff suggests, that each of Plaintiff's three psychiatric

---

[4] Plaintiff raises the same argument with respect to ALJ De Steno's "severity" findings concerning his obesity and diabetes. (Pl.'s Br. 3). That argument fails for the same reasons discussed throughout Part III. A. of this Opinion.

impairments would qualify as a "severe" impairment on its own. (*Id.*). This distinction cannot be ignored. *See McQueen v. Comm'r of Soc. Sec.*, No. 07-2092, 2008 WL 1925298, at *2-3 (D.N.J. Apr. 30, 2008), *aff'd* 322 F. App'x 240 (3d Cir. 2009) (highlighting another plaintiff's similar mischaracterization of an ALJ's step two finding). Indeed, when a claimant has multiple impairments, an ALJ's step two analysis must "consider the combined effect of all of [his] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523, 416.923. Upon finding a medically severe combination of impairments, an ALJ must consider "the combined impact of the impairments . . . throughout the disability determination process." 20 C.F.R. §§ 404.1523, 416.923. Here, ALJ De Steno did just that—as discussed in greater detail in this Court's prior Opinion—and it was thus logical for him to find at step four that Plaintiff had the RFC to perform the full range of light work without significant nonexertional limitations prior to January 1, 2011. *See McQueen*, 2008 WL 1925298, at *3 (reaching similar conclusion).

What is more, Plaintiff's argument that ALJ De Steno's findings at steps two and four are inconsistent ignores the other half of his step four finding. Not only did ALJ De Steno find at step four that Plaintiff had the RFC to perform the full range of light work without significant non-exertional limitations prior to January 1, 2011, but he also found that beginning on that date:

> [Plaintiff] has had the [RFC] to lift and carry objects weighing up to five pounds; sit for up to six hours in half-hour intervals; and stand and walk up to two hours in half-hour intervals in an eight-hour day. [Plaintiff] can never bend, squat, or stoop. He can do no work requiring sustained periods of concentration or strict adherence to a work schedule.

(R. at 302). In doing so, ALJ De Steno ultimately found that Plaintiff's psychiatric impairments produced some RFC limitations.

Lastly, by failing to point this Court to any specific evidence that cuts against ALJ De Steno's step four RFC assessment, Plaintiff has failed to meet his burden of proof. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007) ("The claimant bears the ultimate burden of establishing steps one through four."). As this Court noted in its previous Opinion in this matter, ALJ De Steno marshaled a great deal of evidence in support of his RFC assessment. *Muniz*, 2014 WL 2926525, at *15. With regard to Plaintiff's psychiatric impairments, ALJ De Steno provided a thorough discussion of Plaintiff's psychiatric progress notes and other treatment records. (R. at 300-01). He noted that "[t]he focus of most, if not all, of [Plaintiff's psychiatric] progress notes was primarily on relationship issues, instead of any signs or symptoms of depression and anxiety." (*Id.* at 300). Remarkably, as ALJ De Steno highlighted, a January 2009 psychiatric progress note stated that Plaintiff "loves drama, thrives on it, [and] creates it," and opined that Plaintiff was not depressed any more. (*Id.* at 301, 570). Because ALJ De Steno discussed the evidence at length in reaching his step four RFC assessment, the Court again affirms that finding. *See, e.g., Garret v. Comm'r of Soc. Sec.*, 274 F. App'x 159, 163-64 (3d Cir. 2008) (concluding that ALJ's RFC was based on substantial evidence where ALJ provided comprehensive discussion of relevant medical evidence).

B.    <u>Whether ALJ De Steno's Findings at Steps Three and Four are Consistent</u>

Plaintiff next argues that ALJ De Steno's step three finding that Plaintiff "has had moderate restriction of the activities of daily living, moderate difficulties in maintaining social functioning, [and] moderate difficulties in maintaining concentration, persistence, or pace" is inconsistent with his step four finding that "prior to January 1, 2011 . . . [Plaintiff] had the [RFC] to perform the full range of light work . . . without significant non-exertional limitations." (Pl.'s Br. 2-4).

6

Underlying Plaintiff's argument, is the assumption that ALJ De Steno's step three finding "cover[s] the entire period at issue, April 30, 2007 – December 31, 2010 . . . ." (*Id.* at 3).

Again, Plaintiff has mischaracterized ALJ De Steno's findings. ALJ De Steno did not qualify precisely when Plaintiff had moderate difficulties stemming from psychiatric mental impairments. (R. at 297-98). He instead merely noted that Plaintiff "has had" such difficulties. (*Id.* at 298). While ALJ De Steno concluded at step four that Plaintiff's moderate difficulties produced no nonexertional limitations prior to January 1, 2011, he apparently concluded that those difficulties produced nonexertional limitations after that date. (*Id.* at 297-98, 302). Specifically, ALJ De Steno concluded that beginning on January 1, 2011, Plaintiff could "do no work requiring sustained periods of concentration or strict adherence to a work schedule." (*Id.* at 302). Therefore, ALJ De Steno's decision is internally consistent.

Because ALJ De Steno's RFC assessment—finding Plaintiff capable of light work without significant nonexertional limitations prior to January 1, 2011—is based on substantial evidence, it was proper for him to rely on Medical-Vocational Guideline 202.20 at step five. *see, e.g., Nerahoo v. Colvin*, No. 12-6553, 2013 WL 6190197, *6-7 (D.N.J. Nov. 26, 2013) (affirming ALJ's step five reliance on the Medical-Vocational Guidelines where ALJ's RFC finding was based on substantial evidence). The Court declines to consider Plaintiff's speculation about ALJ De Steno's motivations. Suffice it to say that ALJ De Steno's decision is based on substantial evidence, and that this Court thus denies Plaintiff's motion for reconsideration. *See Richardson*, 402 U.S. at 401 (Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").

## IV.    CONCLUSION

For the reasons discussed herein, the Court **DENIES** Plaintiff's motion for reconsideration.

An appropriate Order accompanies this Opinion.

DATED: September 15 2014

JOSE L. LINARES
U.S. DISTRICT JUDGE

8